UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOUSSOF SALEH,

    Plaintiff,

                                          Case No. 09-cv-14562

v.                                            Paul D. Borman
                                            United States District Judge

                                            Mona K. Majzoub
AMERICAN STEAMSHIP CO.,             United States Magistrate Judge

    Defendant.
_____/

ORDER AFFIRMING THE MAGISTRATE JUDGE'S JANUARY 21, 2011 OPINION AND
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY (DKT. NO. 41)
AND DENYING PLAINTIFF'S OBJECTIONS (DKT. NO. 43)

       This matter is before the Court on Plaintiff's objections to Magistrate Judge Majzoub's January 21, 2011 Opinion and Order Granting Defendant's Motion to Compel Discovery (Dkt. No. 43). Defendant has filed a response to Plaintiff's objections. (Dkt. No. 50.) For the reasons that follow, the Court AFFIRMS the Magistrate Judge's Opinion and Order.

**I.    BACKGROUND**

       Plaintiff filed this action against American Steamship Co. claiming damages under the Jones Act, 46 U.S.C. §§ 688 *et seq.*, for injuries he alleges he sustained while working on one of Defendant's vessels. In Count III of his Complaint, Plaintiff claims that he slipped on board the ship and allegedly suffered "great physical pain, mental anguish and extreme shock to the nervous system, to-wit: disc bulge at L4-L5 with central protrusion and disc herniation at L5-S1 with radiculopathy." (Complaint ¶ 8.) Defendant's expert, Dr. Geiringer, has requested that Plaintiff

1

undergo "a properly performed" electromyogram ("EMG") study, which Plaintiff has refused to schedule. Magistrate Judge Majzoub found that the request for the EMG was supported by good cause and ordered Plaintiff to appear for the requested EMG. Plaintiff now objects to the Magistrate Judge's ruling.

## II.  STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir.1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich.2001) (explaining the standard under Rule 72(a)).

## III.  ANALYSIS

Plaintiff's first objection to the Magistrate Judge's ruling appears to be that the Magistrate Judge erred in not addressing Plaintiff's argument that he should not be required to undergo an EMG until Defendant has reimbursed certain of Plaintiff's unpaid medical bills. (Pl.'s Objs. 5-6.) Plaintiff states that Defendant's motion to compel the EMG is premature because Plaintiff has not yet refused to comply with the request that he undergo a second EMG and will provide Defendant with his response as soon as Defendant pays Plaintiff's outstanding medical bills. The Court concludes that

the Magistrate Judge did not err in not addressing this argument in her Opinion and Order. The issue of Defendant's obligation to pay Plaintiff's outstanding medical bills is not before this Court. The Court will not allow Plaintiff to sidetrack the progress of this litigation, refusing a valid medical exam which was first requested almost a year ago, over a reimbursement dispute which is not before the Court.

Plaintiff's second objection is that the Magistrate Judge erred in finding that the request for the EMG was supported by good cause. The Court disagrees. Plaintiff claims that he suffered injury to his spine and nervous system, putting his radicular complaints squarely at issue. "A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Defendant's expert, Dr. Geiringer, questions the credibility of Plaintiff's examining physician, Dr. Ahmad, who apparently is presently incarcerated, as well as his medical opinion. (Dkt. No. 50, Def.'s Resp. to Pl.'s Objs. 2 n.1.) As to the studies that Dr. Ahmad claims to have performed on Plaintiff, Dr. Geiringer states there is "no possibility that the data recorded could exist in reality. All of those diagnoses of radiculopathy can be dismissed as medically meaningless." (Dkt. No. 31, Def.'s Reply in Support of Mot. to Compel, Ex. B.) Dr. Geiringer states that a "properly performed EMG" is necessary for him to finalize his opinion. (*Id.* Ex. A.) Defendant has agreed that Plaintiff can have the EMG performed by Dr. Geiringer or by any "ABEM certified practitioner."

Plaintiff erroneously claims in his Objections that "neither defendant nor its medical examiner raise any criticism of the EMG that was performed." (Pl.'s Objs. 10.) This is blatantly false. Defendant's expert has stated that the prior EMG is "meaningless" and that he must have a

3

properly performed EMG to finalize his opinion. The Plaintiff does not legitimately dispute this and offers no basis for the Court to question Defendant's expert's stated need for EMG study. The Magistrate Judge correctly ruled that Plaintiff must submit to the requested EMG.

Plaintiff also objects that the Magistrate Judge failed to specify the time, manner, conditions and scope of the exam as required by Fed. R. Civ. P. 35. (Pl.'s Objs. 10.) This is also blatantly false. The Magistrate Judge's Order specified all of the elements required by Rule 35, although the time the Magistrate Judge specified has now passed.

Accordingly, the Court AFFIRMS the Magistrate Judge's January 21, 2011 Order (Dkt. NO. 41) and ORDERS that Plaintiff undergo the EMG as specified in the Magistrate Judge's Order, either by Dr. Geiringer or by "an ABEM certified practitioner," on or before April 18, 2011.

IT IS SO ORDERED.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 21, 2011.

S/Denise Goodine  
Case Manager