UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOUSSOF SALEH,
    Plaintiff,    CIVIL ACTION NO. 09-cv-14562

vs.

            DISTRICT JUDGE PAUL D. BORMAN

AMERICAN STEAMSHIP  MAGISTRATE JUDGE MONA K. MAJZOUB
COMPANY,
    Defendant.
_____/

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 44)

This matter comes before the Court on Defendant's Motion To Compel Discovery filed on February 8, 2011. (Docket no. 44). Plaintiff has filed a Response on March 17, 2011. (Docket no. 52). The parties filed a Joint Statement of Resolved and Unresolved Issues on March 18, 2011. (Docket no. 53). The motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 45). The Court dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(f). (Docket no. 48).

According the Joint Statement, the only remaining issue is Defendant's request that Plaintiff be compelled to appear for an updated deposition limited to inquiry about events post-dating Plaintiff's original deposition on March 25, 2010. (Docket no. 44). The parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b).

-1-

Defendant argues that Plaintiff was last deposed on March 25, 2010 and since that time has undergone extensive medical care with numerous health care providers, including a surgical procedure. As set forth in this Court's prior discovery orders, Plaintiff's claims put his health squarely at issue in this action. (Docket no. 1, 41, 54); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Therefore, Plaintiff's medical care and conditions are relevant, including for the time period since the prior deposition.

Plaintiff admits that he has undergone continued medical care since the March 25, 2010 deposition, but Plaintiff argues that all of these medical records are available to Defendant and any information sought by the continuation of the deposition is "just as easily" obtained from Plaintiff's current medical records. (Docket no. 52).

Rule 30(a)(2)(A) provides that a party must obtain leave of court to obtain a deposition where the deponent has already been deposed in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii). The "court must grant leave to the extent consistent with Rule 26(b)(2)" which provides for limitations on the frequency and extent of discovery. While the Court agrees with Plaintiff's argument that the "mere passage of time is not sufficient justification for a second deposition," the circumstances here go beyond the mere passage of time. It is undisputed that Plaintiff has undergone not just "continued medical treatment" but additional procedures including a surgery.

The Court also considers Plaintiff's argument that this information is available through other means, namely, the production of Plaintiff's medical records. (Docket no. 52). In this matter, Plaintiff was not forthcoming with Rule 26 disclosures, responses to discovery or authorizations for updated medical records prior to Defendant filing this Motion to Compel. As set forth in the parties' Joint Statement:

1. On March 10, 2011, Plaintiff served answers to Defendant's Interrogatories of May 26, 2010;

2. On March 10, 2011, Plaintiff served his Rule 26 Disclosures;

3. On March 10 and 16, 2011 Plaintiff produced authorizations to permit Defendant to obtain updated medical records from six named health care providers and institutions;

4. On March 17, 2011 Plaintiff served answers to Defendant's Interrogatories and Requests for Production of Documents dated November 16, 2010. (Docket no. 53).

It is disingenuous for Plaintiff to argue that Defendant could otherwise obtain the information he seeks from documents Plaintiff did not timely make available. It is of no consequence that Plaintiff made the documents and authorizations to obtain medical records available to Defendant only after Defendant filed this motion. Furthermore, there may be information available from Plaintiff's testimony that cannot be gleaned from the medical records alone. The Court notes that Plaintiff's Response to Defendant's Motion to Compel was untimely filed on March 17, 2011, despite this Court's order that the Response was due February 25, 2011. (Docket no. 48). Presumably Plaintiff's late Response allowed Plaintiff to produce much of the discovery sought by Defendant's Motion.

The Court will grant Defendant's motion and order Plaintiff to appear for deposition on a mutually convenient date and time occurring on or before June 24, 2011. (Docket no. 39). Rule 37(a)(5)(A) provides that if a discovery motion "is granted– or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). None of the exceptions to an order of payment apply in this instance. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Plaintiff in his response provided no explanation for the tardy answers and responses necessitating Defendant's motion to compel. The Court will order Plaintiff to pay the reasonable costs of Defendant's motion. Fed. R. Civ. P. 37(a)(5)(A).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (docket no. 44) is **GRANTED** and Plaintiff will appear for a continued deposition on or before June 24, 2011, not to exceed two hours and limited to issues post-dating the March 25, 2010 deposition.

**IT IS FURTHER ORDERED** that Defendant will file and serve within fourteen (14) days of entry of this Order a summary of its reasonable expenses including attorneys fees incurred in making its Motion to Compel (docket no. 44) including all necessary supporting documentation for determining the reasonableness of the fees and costs, including fee per hour, affidavit(s) of attorney(s) regarding work activities performed and the time spent on each activity.

**IT IS FURTHER ORDERED** that Plaintiff will have ten (10) days from service of Defendant's summary of expenses to serve and file a response.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 7, 2011       s/ Mona K. Majzoub
              MONA K. MAJZOUB
              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 7, 2011             s/ Lisa C. Bartlett
                                             Case Manager