UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOUSSOF SALEH,
              Plaintiff,           CIVIL ACTION NO. 09-cv-14562

    vs.

                                 DISTRICT JUDGE PAUL D. BORMAN

AMERICAN STEAMSHIP      MAGISTRATE JUDGE MONA K. MAJZOUB
COMPANY,
              Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DOCKET NO. 46)

This matter comes before the Court on Plaintiff's Motion For Leave To File First Amended

Complaint filed on February 9, 2011.  (Docket no. 46).  Defendant filed a Response in Opposition

on February 25, 2011.  (Docket no. 51).  The motion was referred to the undersigned for decision

pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 47).  The Court dispenses with oral argument on

this matter pursuant to E.D. Mich. Local Rule 7.1(f).  (Docket no. 49).

I.      **Background**

Plaintiff filed his initial complaint on November 23, 2009.  Plaintiff alleges that he was an

employee of Defendant and worked as a member of the vessel the "M/V American Spirit."  (Docket

no. 1).  Plaintiff's claims allege that Defendant's negligent acts or omissions resulted in injury to

Plaintiff.

Plaintiff has put his physical injuries squarely at issue in this action with his claims that he

suffered injuries to his face, nose and eyes and a lower back injury which result in "great physical

pain, mental anguish and extreme shock to the nervous system" with disc bulge, disc herniation and radiculopathy, all as a result of Defendant's negligent acts and/or omissions. (Docket no. 1).

Plaintiff now argues that since the time of filing his Complaint, Defendant has stopped and/or unduly delayed the payment of maintenance and cure benefits to Plaintiff in violation of general maritime law and the doctrine of maintenance and cure. *See Stevens v. McGinnis, Inc.*, 82 F.3d 1353, 1356-57 (6th Cir. 1996). Plaintiff seeks to file a First Amended Complaint which adds Count V, a claim for Defendant's termination of maintenance and cure benefits. (Docket no. 46 ¶¶ 2, 3, 5, 46-1).

**II.      Standard**

Rule 15(a), Fed. R. Civ. P., provides that a party may amend its pleading once as a matter of course within twenty-one days of serving its pleading, within twenty-one days of service of the responsive pleading or within twenty-one days after service of a Fed. R. Civ. P. 12(b), (e) or (f) motion. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision whether to permit amendment is committed to the discretion of the trial court." *Lucas v. Schneider Nat'l Carriers, Inc.*, 953 F.2d 644 at *5 (6th Cir. 1992) (unpublished). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of any declared or apparent reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, the leave to amend should be freely given. *See id*.

2:09-cv-14562-PDB-MKM   Doc # 58   Filed 06/14/11   Pg 3 of 4   Pg ID 331

### III.    Discussion

The Court's January 18, 2011 Stipulation and Order provides that the closing date of discovery and all amendments to the pleadings is June 24, 2011.  (Docket no. 39).   Plaintiff's Motion was brought well before this Court's deadline to amend pleadings.

Defendant argues that Plaintiff's Motion for Leave To File First Amended Complaint is brought in bad faith and the additional claim fails to state a viable cause of action.  (Docket no. 51). Defendant argues that the "vast majority" of the medical bills which Plaintiff claims are outstanding have already been paid in full by Defendant, that Plaintiff has failed to properly submit medical invoices, Plaintiff has failed to cooperate in discovery and has failed to provide authorizations for medical information, and the Explanation of Benefits forms have not been completed by Plaintiff's treaters for certain physical therapy, for which the providers were behind in their billing.  (Docket nos.  51-2, 51-3, 51-4, 51-5, 51-6).

The Court has considered the arguments and the exhibits to Defendant's Response.  While the motion practice before this Court shows that Plaintiff has been delinquent in his participation in  discovery, the Court does not find the bad faith necessary to deny Plaintiff's Motion for Leave to Amend, nor does the Court find that Plaintiff's claim is futile.  This is the first amendment Plaintiff has sought, Plaintiff's new claim is closely related to the prior claims and the new claim does not raise the need to extend discovery by four months, as suggested by Defendant.  The Court will grant Plaintiff's Motion to allow him to file the First Amended Complaint and will extend the deadline for completion of discovery by one month.

-3-

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave To File First Amended Complaint (docket no. 46) is **GRANTED** and **Plaintiff shall file his First Amended Complaint on or before June 24, 2011.**

**IT IS FURTHER ORDERED** that Defendant will file and serve its Answer to the First Amended Complaint within fourteen (14) days of service of the First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(3).

**IT IS FURTHER ORDERED** that **all discovery shall be completed by July 24, 2011.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 14, 2011                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 14, 2011                    s/ Lisa C. Bartlett
                                        Case Manager